UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVIN RIPP                                              CIVIL ACTION

VERSUS                                                   NO: 07-6910

STATE FARM FIRE AND CASUALTY                             SECTION: J(5)
COMPANY

### ORDER AND REASONS

Before the Court is Plaintiff Melvin Ripp, Jr., individually and on behalf of Melvin Ripp, Jr., LLC's **Motion to Remand and for Attorney's Fees and Costs (Rec Doc. 5)**. This motion, which is opposed, is set for hearing on December 26, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted in part and denied in part.

### Background Facts

Plaintiff is an attorney registered as an L.L.C. renting office space that was damaged as a result of Hurricane Katrina. State Farm Fire and Casualty Company ("State Farm") extended coverage to Plaintiff through a Business Office Policy with limits of $20,080 for business contents and actual amounts of business income losses for up to twelve months. State Farm has

paid a total of $3,545.74 under the policy.

Plaintiff filed suit against State Farm in state court for the Parish of Jefferson, alleging breach of contract and improper adjusting of Plaintiff's business policy insurance claims. Defendant subsequently removed pursuant to this Court's diversity jurisdiction.

### The Parties' Arguments

The parties agree that diversity exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiff contends that the amount in controversy does not exceed $75,000. Plaintiff has in fact stipulated in his petition that the damages sought amount to less than $75,000. Furthermore, Plaintiff has executed a post-removal affidavit that further clarifies he is not seeking an amount in excess of $75,000. See Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (while a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction, a post-removal stipulation or affidavit may be successful in effectuating a remand in cases in which such is used to clarify an ambiguous petition rather than to reduce the initial amount in controversy).

Because State Farm had no objectively reasonable grounds to believe the removal was legally proper, Plaintiff argues that attorney's fees and expenses incurred in bringing the instant motion to remand should be awarded.

State Farm counters that Plaintiff's post-removal claim that

his damages do not exceed $75,000 does not constitute an affirmative renunciation of Plaintiff's rights. The Fifth Circuit has made it clear that for plaintiffs to prevent removal, they must "file a binding stipulation or affidavit *with* their complaints" that states the case involves damages that do not exceed the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis added). Plaintiff's affidavit was filed only after the case was removed.

Furthermore, because the Business Office Policy covers actual amounts of business losses and Plaintiff has not produced any evidence to State Farm of the time period of business income loss or the amount of business income loss he is seeking, State Farm is exposed to a potentially large liability to Plaintiff.

## Discussion

**A.   Jurisdiction**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aguilar, 47 F.3d at 1412. The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a

defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. De Aguilar, 47 F.3d at 1412. Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand. Id. A defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled. Id. The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

In its opposition, State Farm's only argument in support of diversity jurisdiction is that it is exposed to a "potentially" large liability to Plaintiff since the Business Office Policy covers actual amounts of business losses and Plaintiff has not produced any evidence to State Farm of the time period of business income loss or the amount of business income loss he is seeking. However, it is State Farm who bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aguilar, 47 F.3d at 1412.

It is not clear from the face of the petition that Plaintiff is seeking an excess of $75,000. Furthermore, State Farm has not provided sufficient summary judgment type evidence to show that the $75,000 amount in controversy requirement is met. Any

attempt by State Farm to show that Plaintiff "could" obtain amounts in excess of $75,000 is insufficient to prove by a preponderance of the evidence that jurisdiction exists. Considering that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," this Court lacks diversity jurisdiction over this matter. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

**B.  Attorney's Fees**

Under 28 U.S.C. 1447(c), a district court has discretion to award costs and expenses, including attorney's fees, incurred as a result of the removal. In exercising its discretion to impose such fees, courts are to consider the propriety of a defendant's removal. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

This Court finds that the lack of federal removal jurisdiction in this case is not so obvious as to warrant an award of attorney's fees and expenses. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 5)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Attorney's Fees (Rec. Doc. 5)** is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE